IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIE EDWARDS, #17002984, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL NO. 3:17-CV-1188-G-BK |
| | § | |
| FAITH JOHNSON, et al., | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this *pro se* civil rights case was referred to the United States Magistrate Judge. Upon review of the relevant pleadings and the applicable law, and for the reasons that follow, this case should be summarily **DISMISSED WITHOUT PREJUDICE.**

On May 4, 2017, Plaintiff, a pretrial detainee, filed this civil rights action based on his pending state criminal charges in Dallas County, Texas. Doc. 3 at 1. He names as Defendants Assistant District Attorney Faith Johnson, Judge Theresa Harthorn, Court Clerk Felicia Petrie, Judge Jennifer Bennett, Detective Erika King, and Sheriff Lupe Valdez; asserts that he is innocent of the state criminal charges; and alleges, *inter alia,* false imprisonment, conspiracy, and malicious prosecution. Doc. 3 at 3-6. On May 26, 2017, in response to the Court's deficiency order, Plaintiff filed an amended complaint re-asserting his claims and adding as Defendants defense counsel Bernard Nwaiwn and the complainant/victim of the state offense with which he is charged. Doc. 7 at 3. His allegations, however, duplicate claims that he is presently pursuing in *Edwards v. Johnson, et al.*, No. 3:17-CV-0786-D-BN (N.D. Tex.), filed on March 20, 2017, which stem from the same state criminal prosecution and in which he alleges

the same civil rights violations against most of the same defendants. Civ. Doc. 3. Consequently, this case should be dismissed without prejudice as duplicative. *See Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993) (a complaint is frivolous when it "duplicates allegations of another pending federal lawsuit by the same plaintiff." Courts should ensure "that the plaintiff obtains one bite at the litigation apple-but not more").

For the foregoing reasons, it is recommended that this action be **DISMISSED WITHOUT PREJUDICE** as duplicative of a pending action.

**SIGNED** May 30, 2017.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *as modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE